

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-312-CV

IN RE SIMON KIBERU AND                                              RELATORS
HARRIS METHODIST H-E-B HOSPITAL

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

We withdraw our opinion and judgment of November 1, 2007, and substitute the following.  Relators Simon Kiberu and Harris Methodist H-E-B Hospital seek mandamus relief from the trial court's order allowing real parties in interest J.B. and B.O. (together, "RPIs") to take presuit depositions of Kiberu and Troy Lee Easley, a former Harris Methodist employee, and to obtain copies of Kiberu's and Easley's personnel files.  We originally granted the petition for

---

[1] See Tex. R. App. P. 47.4.

writ of mandamus in part, but we denied relief as to Kiberu's deposition and production of Kiberu's personnel file because we held that rule 202 presuit depositions were available to investigate potential health care liability claims. *In re Kiberu*, 237 S.W.3d 445, 449–50 (Tex. App.—Fort Worth 2007, orig. proceeding), *mand. granted*, No. 07-0959, 2008 WL 4000808, at *1 (Tex. Aug. 29, 2008). The Texas Supreme Court has since held that potential health care liability claims fall within the coverage of section 74.351(s) of the civil practice and remedies code. *In re Jorden*, 249 S.W.3d 416, 422 (Tex. 2008). The supreme court remanded this case to us in light of *Jorden*. *Kiberu*, 2008 WL 4000808, at *1. We withdraw our previous opinion and conditionally grant Relators' petition for mandamus relief in its entirety.

## II. Background

In March 2007, CT technician Easley allegedly sexually assaulted real party in interest J.B. at Harris Methodist during the administration of a rectal CT scan. Three months later, RPIs filed a rule 202 petition to investigate a potential claim, requesting an order authorizing them to depose Kiberu, a Harris Methodist orderly who might have knowledge of the alleged assault, and to depose a corporate representative of Harris Methodist. *See* Tex. R. Civ. P. 202.1(b). The petition attached as exhibits the notices of intent to depose Kiberu and the Harris Methodist corporate representative and, attached to the

2

deposition notices, requests for production of Kiberu's and Easley's Harris Methodist personnel files. After a hearing on the petition, the trial court denied RPIs' request as to Harris Methodist's corporate representative but granted it as to Kiberu. It additionally ordered that Easley's deposition be taken and that Kiberu and Easley produce their Harris Methodist personnel files. Relators filed this petition seeking mandamus relief.

## III. Discussion

### A. Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). There is no adequate remedy by appeal when an appellate court cannot remedy a trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). An error in compelling a deposition cannot be cured on appeal because the depositions cannot be "untaken"; therefore, if the depositions were improperly ordered, mandamus relief is proper. *Jorden*, 249 S.W.3d at 419–20.

### B. Depositions

Relators argue that the trial court abused its discretion by granting RPIs' request for presuit depositions. They complain that the trial court abused its

3

discretion by ordering the depositions because RPIs' rule 202 petition involves a health care liability claim under chapter 74 of the civil practice and remedies code and RPIs have not first complied with the preliminary expert report requirement under that chapter. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon 2005) (defining "health care liability claim"), § 74.351(a) (Vernon Supp. 2008) (requiring service of expert report on each party not later than the 120th day after the date the original petition was filed). They also argue that the trial court abused its discretion by issuing a unilateral order allowing RPIs to depose Easley.[2]

Generally, a plaintiff asserting a health care liability claim may not take oral depositions until the plaintiff has served its expert report on the other parties. *See id.* § 74.351(s).[3] Relators argue that the rule 202 depositions of Kiberu and Easley, employees of Harris Methodist at the time of the alleged

---

[2] RPIs' rule 202 petition did not request to take Easley's deposition, RPIs did not serve Easley with the petition, and Easley did not appear at the hearing. Even if section 74.351 did not govern RPIs' claims, we would still grant the mandamus petition as to Easley's deposition because rule 202.3 requires service of the petition and a notice of hearing on *all persons petitioner seeks to depose* at least fifteen days before the hearing. *See* Tex. R. Civ. P. 202.3(a).

[3] Section 74.351(s) provides that "all discovery" is stayed until the expert report is filed except for (1) written discovery, (2) depositions on written questions, and (3) discovery from nonparties under rule 205 of the rules of civil procedure, where related to the patient's health care. *Id.*

4

assault, are precluded because "Chapter 74 trumps a Rule 202 Petition" and that they are therefore not to be deposed before the production of an expert report. *See id.* § 74.001(a)(12)(B)(ii) (defining "health care provider" to include an employee of a health care institution).

## 1. Health Care Liability Claim

Before determining whether the trial court abused its discretion by determining that rule 202 applies to health care liability claims, we must first consider the threshold issue of whether RPIs' allegation of sexual assault at Harris Methodist constitutes a "health care liability claim" under the civil practice and remedies code.

A health care liability claim is a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care. *Id*. § 74.001(a)(13). Relators cite several cases holding that a lawsuit against a hospital based on the sexual assault of a patient is a health care liability claim because the supervision and monitoring of patients and staff is part of the patient's health care and because patient safety is at issue. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 845 (Tex. 2005) (holding that another patient's physical assault of plaintiff, a patient in a nursing home, was

5

a health care liability claim); *NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 31 (Tex. App.—El Paso 2006, no pet.) (holding that claims arising from mental health technician's sexual assault of mental health center patient were health care liability claims); *see also Oak Park, Inc. v. Harrison*, 206 S.W.3d 133, 135, 141 (Tex. App.—Eastland 2006, no pet.) (holding that nurses' and counselor's physical assault of patient constituted a health care liability claim).

RPIs, in their response, argue that their claim is not a health care liability claim because sexual assault can never be considered as, and has nothing to do with, health care. But, as *Diversicare* and the other cases cited above show, the actions of the hospital and its employees in hiring, supervising, and training Easley and Kiberu, as well as its policies relating to transport of patients and administration of rectal CT scans, should fall under the umbrella of "health care liability claim" if RPIs file suit against a health care provider, which is uncertain at this point.[4]

**2. Rule 202 versus Chapter 74's Preliminary Expert Report**

Health care liability claims are subject to the statutory requirement of a preliminary expert report and curriculum vitae. *See* Tex. Civ. Prac. & Rem.

---

[4] RPIs point out in their response that they have not determined what allegations they would make in a lawsuit, that they have not yet sued Harris Methodist, and that they are not even sure that they will sue Harris Methodist.

6

Code Ann. § 74.351(a). And until a health care liability claim is filed, a claimant may not take the deposition of another party. *See id.* § 74.351(s)(3) (staying discovery until the expert report is filed except as to discovery involving nonparties that is related to the patient's health care), § 74.351(u) (allowing no more than two depositions after the claim is filed but before the expert report is served).

According to our supreme court, health care liability claims not only encompass filed suits, but also cover "cause[s] of action." *Jorden*, 249 S.W.3d at 421. Texas recognizes that a "cause of action" relates to facts, whether or not suit is ever filed. *Id.* Furthermore, section 74.001(a)(13) uses the term "cause of action" in the general sense, relating to facts rather than the limited sense of filed suits.[5] *Id.* at 422. We therefore conclude that the trial court abused its discretion by ordering that Kiberu and Easley's presuit depositions be taken because RPIs' potential health care liability claim falls within the coverage of section 74.351(s). *See Jorden*, 249 S.W.3d at 422, 424. Furthermore, Relators would have no adequate remedy by appeal because their only opportunity to appeal the trial court's order would occur after the

---

[5] For example, the statute requires the claimant in a health care liability claim to provide written notice of a claim at least sixty days before filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a) (Vernon 2005)*.*

deposition had transpired. *Id.* at 419–20. Thus, we hold that Relators are entitled to mandamus relief as to the trial court's order allowing RPIs to take Easley's and Kiberu's presuit depositions.

### 3. Personnel files

Having vacated the trial court's order with regard to the presuit depositions, we also vacate the trial court's order requiring Easley and Kiberu to produce their personnel files. Since we held that the trial court cannot order presuit depositions of Easley and Kiberu because section 74.351 governs RPIs' potential claim, it also cannot order them to produce their personnel files pursuant to those depositions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(s) (stating that, until a claimant is served the expert report and curriculum vitae required by subsection (a), all discovery in a health care liability claim is stayed except for acquisition of information "related to the patient's health care"); *see also id.* § 74.001(a)(10) ("'Health care' means any act or treatment performed or furnished . . . by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement."). Accordingly, we hold that the trial court also abused its discretion by ordering that Easley and Kiberu produce their personnel files and that Relators have no adequate remedy by appeal. *See Dana Corp.*, 138 S.W.3d at 301.

8

## IV.  Conclusion

Having concluded that mandamus relief is proper, we conditionally grant the writ of mandamus.  The trial court is ordered to vacate its order requiring the taking of the depositions of Troy Lee Easley and Simon Kiberu and the production of their personnel files.  We are confident that the trial court will comply with this opinion within the next thirty days; the writ will issue only if it does not.


                                          BOB MCCOY
                                          JUSTICE

PANEL:  HOLMAN, GARDNER, and MCCOY, JJ.

DELIVERED:  October 16, 2008